IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH NEARY,

    Plaintiff,

vs.

CARDINAL HEALTH, INC., GROUP DISABILITY PLAN,

    Defendant.

No. 2:08-cv-2259 GEB JFM

ORDER

Plaintiff's motion for discovery came on regularly for hearing March 12, 2009. Robert J. Rosati appeared for plaintiff. Thomas K. Hockel appeared telephonically for defendants. Upon review of the motion and the documents in support and opposition, upon hearing the arguments of counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

In actions challenging denials of benefits based on interpretations pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B), the district court reviews the matter *de novo* "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S.Ct. 948 (1989).

When an ERISA plan vests the claim administrator with such discretionary authority, the administrator's decision is reviewed under the deferential "arbitrary and capricious" or "abuse of discretion" standard. Metropolitan Life Insurance Company v. Glenn, 554 U.S. ____, 128 S.Ct. 2343 (2008); Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955 (9th Cir. 2006). Glenn and Abatie require a more complex abuse-of-discretion analysis. Wilcox v. Wells Fargo & Co. Long Term Disability Plan, 287 Fed. Appx. 602 (9th Cir. 2008).

Generally, a review for abuse of discretion is confined to the administrative record. Abatie, 458 F.3d at 970. However, where, as here, a conflict of interest exists by virtue of the fact that an entity paying the claim is the same entity rendering the claim determination, the existence of that conflict of interest may be included as "but one factor among many" that a reviewing judge may take into account. Glenn, 128 S.Ct. 2351-52. The district court may, in its discretion, consider evidence outside the administrative record to determine whether and to what extent a conflict of interest should be weighed in the court's view. Abatie, 458 F.3d at 976-77.[1]

This court finds persuasive the reasoning of Wilcox, 287 Fed. Appx. at 602. Specifically, this court must "accommodate plaintiff's need for discovery while serving ERISA's purpose of efficiency and expedition." Id., 287 Fed. Appx. at *3.

Accordingly, IT IS HEREBY ORDERED that plaintiff's February 12, 2009 motion to compel (#13) is granted in part, as follows:

/////

---

[1] The district court must weigh the conflict of interest created by a defendant's dual role as claims administrator and claims payor. Id. A court may view the decision of a conflicted administrator with a low level of skepticism "if a structural conflict of interest is unaccompanied, for example, by any evidence of malice, of self-dealing, or of a parsimonious claims-granting history." Abatie, 458 F.3d at 968. On the other hand, a court may weigh a conflict more heavily "if, for example, the administrator provides inconsistent reasons for denial, fails adequately to investigate a claimant's reliable evidence, or had repeatedly denied benefits to deserving participants by interpreting plan terms incorrectly or by making decisions against the weight of evidence in the record." Id. at 968-969. The district court should "consider the conflict of interest as a factor whose weight depends on the 'nature, extent, and effect' of the conflict on the decision-making process, which may be unmasked through discovery." Wilcox, 287 Fed. Appx. at 603.

1. Plaintiff is allowed to take a Rule 30(b)(6) deposition of Hartford, the insurance company which both paid the claim and determined whether petitioner was eligible for benefits. However, plaintiff's inquiry is limited to the following areas: (1) whether any of the employees or consultants involved in deciding plaintiff's claim had a financial incentive to deny the claim; (2) defendant's general approval and termination rates for long-term disability claims, and, separately, for long-term disability claims involving idiopathic neuropathy; (3) steps defendant has taken to reduce bias and promote accuracy, such as walling off claims administrators from those interested in firm finances; and (4) any factors or evidence considered by defendant in denying plaintiff's claim that are not contained in the administrative record. Defendant shall also produce to plaintiff any evidence outside the administrative record that defendant intends to use in showing that the structural conflict did not affect its decision in this case. See Wilcox at *3.

2. Plaintiff is allowed to take the Rule 30(b)(6) deposition of Medical Advisory Group, LLC ("MAG"), a third party vendor, which provided Dr. Sniger,[2] whose paper review report was a basis for terminating petitioner's benefits, to Hartford. However, said deposition is limited as follows. Plaintiff may only inquire as to whether special instructions are provided by the vendor to the doctor, how much money the vendor pays the doctor, and how many reports the doctor produces for the vendor. Specifically, plaintiff may inquire whether the vendor instructs the doctor to disregard certain types of evidence, edits the doctor's opinion letters, or demands the doctor comply with certain compliance standards and, if so, to identify those standards.

3. Plaintiff's motion for Rule 30(b)(6) deposition of MES Solutions, the service which provided Dr. Ephraim Brenman,[3] whose paper review report was a basis for denying

---

[2] Dr. Sniger's opinion letter states his "analysis is based upon [his] review and consideration of all the information provided to [him] . . . and [t]he opinions expressed in this report are totally independent of any claim determination." Id.

[3] Dr. Brenman's Peer Review Report contains a paragraph entitled "Conflict of Interest:" which states:

plaintiff's appeal, is denied without prejudice. Absent any material, probative evidence of bias that counters Dr. Brenman's certification that no conflict of interest exists, plaintiff will not be permitted to depose this third party vendor.

4. The inquiry of the depositions shall be limited to a period of three years.

5. In all other respects, plaintiff's motion to compel is denied.

DATED: March 12, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

001;neary.oah

---

"I certify that I have no relationship or affiliation with the beneficiary of this independent review or a significant past or present relationship with the Attending Provider and/or the treatment facility. I further certify that I have no familial or material professional or business relationship or incentive to promote the use of a certain product or service associated with the review of this case. I further certify that I have no direct or indirect financial incentive for a particular determination or ownership interest of greater than 5% between any affected parties."
Id.